UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN PORTER JOHNSON,

       Petitioner,

v.                                                   Case No. 07-12783
                                                    Honorable Patrick J. Duggan

ERIC BALCARCEL,

       Respondent.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 22, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Petitioner, a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction in the Circuit Court for Wayne County, Michigan. On October 25, 2004, a jury found Petitioner guilty of two counts of armed robbery, felonious assault, assault with intent to do great bodily harm less than murder, possession of a firearm by a felon, and possession of a firearm during the commission of a felony. Petitioner asserts three grounds in support of his request for habeas relief, which he summarizes as follows:

       I.    Defendant is entitled to a new trial where the trial court
            erred by refusing to let his trial counsel withdraw
            before trial, given the breakdown in communication
            between them.

  II. Trial counsel's failure to investigate and other errors constituted ineffective assistance of counsel under the Sixth Amendment requiring a new trial.

  III. Defendant is entitled to a new trial where the trial court refused to allow a brief adjournment of the trial to allow Defendant's alibi witness to appear and testify.

Respondent has filed an answer to the petition, in which he argues that Petitioner's grounds lack merit. On January 29, 2008, this Court referred the matter to Magistrate Judge Paul J. Komives for a report and recommendation with respect to the petition.

On October 26, 2009, Magistrate Judge Komives issued his Report and Recommendation (R&R), in which he recommends that this Court deny Petitioner's application for a writ of habeas corpus. Magistrate Judge Komives concludes that there is no merit to the grounds raised in the petition. At the conclusion of his R&R, Magistrate Judge Komives advises the parties that they must file any objections to the R&R within ten days after service upon them. Petitioner filed objections to the R&R on November 13, 2009.

## Standard of Review

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Halter*, 131 F. Supp. 2d at 944 (citations omitted).

Objection 1- Failure to Allow Trial Counsel to Withdraw:

Petitioner argues that Magistrate Judge Komives "glossed over critical comments made by his attorney" that established good cause for letting his counsel withdraw on the eve of trial, specifically his trial counsel's indication that she and Petitioner had engaged in a "heated discussion" and that Petitioner did not trust her.  Petitioner further contends that Magistrate Judge Komives failed to evaluate his claim in light of the Supreme Court's warning that "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality."  *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 849 (1964).  Finally, Petition contends that the magistrate judge erred in evaluating his claim under a "harmless error" standard.

Magistrate Judge Komives did not err in concluding that Petitioner failed to establish good cause for substitution of counsel two days before trial was scheduled to begin in his case.  In his R&R, Magistrate Komives specifically quotes the comments by trial counsel that Petitioner claims he overlooked.  (R&R at 8-9.)  The Court agrees with Magistrate Judge Komives that Petitioner has failed to establish that an irreconcilable conflict arose between himself and trial counsel or that counsel was acting with a conflict of interest.  (*See* R&R at 8 (citations omitted).)  At most, Petitioner has shown that there was a disagreement between himself and his attorney regarding the latter's failure to call some witnesses; however, as the state court pointed out, any breakdown was due to Petitioner's own failure to cooperate with counsel and provide her with the names of

3

these witnesses.

As Petitioner fails to demonstrate that he made a "justifiable request for delay" before the trial court, the Supreme Court's statement in *Ungar* does not come into play. In other words, absent justification for the requested continuance, the trial court did not violate Petitioner's rights by insisting on expeditiousness. For the same reason, it is not relevant whether Magistrate Judge Komives erred in applying harmless-error analysis to Petitioner's claim (although he in fact did not err in doing so).[1]

Objections 2 & 3- Ineffective Assistance of Counsel and<br>Failure to Grant a Continuance to Secure an Alibi Witness:

Petitioner's second objection relates to his ineffective assistance of counsel claim based on trial counsel's failure to investigate and present certain witnesses. His third objection relates to his claim that he was denied a fair trial when the trial court refused to grant his request for a continuance in order to secure the presence of an alibi witness. In both objections, Petitioner contends that Magistrate Judge Komives erred in concluding that habeas relief is precluded where Petitioner failed to seek an evidentiary hearing in the state court. This, however, is not what Magistrate Judge Komives relied upon in denying

---

[1] While prejudice need not be shown when a defendant establishes the denial of his right to his or her *chosen counsel*, the Supreme Court has held that this "does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S. Ct. 2557, 2565 (2006). As the Supreme Court further explained in *Gonzalez-Lopez*, that there is a distinction between a claim relating to the right of counsel of one's choice and a claim asserting the right to effective assistance of counsel and, with respect to the latter, proof of prejudice generally is required. *Id*. at 150-51, 126 S. Ct. at 2565.

Petitioner's claims.

Instead, Magistrate Judge Komives rejected Petitioner's claims because Petitioner failed to establish prejudice by offering proof as to the substance of the proposed witnesses' testimony. (R&R at 14, 19.) Magistrate Judge Komives only relied on Petitioner's failure to seek an evidentiary hearing in the state courts to conclude that he is not entitled to an evidentiary hearing to develop his claim here. This Court finds no error in the magistrate judge's analysis.

## Conclusion

For the above reasons, this Court finds no merit in Petitioner's objections to Magistrate Judge Komives' R&R. This Court concurs in Magistrate Judge Komives' analysis of the claims asserted in Petitioner's application for habeas corpus relief.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Ervin Porter Johnson, #336432
Pine River Correctional Facility
320 N. Hubbard
St. Louis, MI 48880

AAG Laura A. Cook
Magistrate Judge Paul J. Komives